## STATE OF CONNECTICUT *v.* HENRY W. LEKOSKY
## (14676)

Dupont, C. J., and Schaller and Spallone, Js.

Argued April 29—officially released June 18, 1996

*Michael R. Hasse,* with whom, on the brief, was *Richard T. Miller,* for the appellant (defendant).

*Lisa Herskowitz,* deputy assistant state's attorney, with whom, on the brief, were *Kevin Kane,* state's attorney, and *Geoffrey Marion,* assistant state's attorney, for the appellee (state).

PER CURIAM. The defendant, Henry W. Lekosky, appeals from his conviction, after a jury trial, of the crime of possession of narcotics in violation of General Statutes § 21a-279 (a). The defendant asserts that the evidence was insufficient to support his conviction. We disagree.

The jury heard testimony from two police officers both of whom stated that while they had the defendant under surveillance they saw him throw what they believed to be, and subsequently proved to be, an object containing crack cocaine into a planter, one of many lining the street on which the defendant and his friend were walking. The defendant's friend, who on three prior occasions had been convicted of possession of cocaine, testified to the contrary.

"In reviewing the sufficiency [of the evidence] claim, we apply a two-part test. First, we construe the evidence

in the light most favorable to sustaining the verdict. Second, we determine whether, upon the facts so construed and the inferences reasonably drawn therefrom the jury reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *Sivri*, 231 Conn. 115, 126, 646 A.2d 169 (1994).

In the present case, the jury, in the exercise of its fact-finding function, believed the police officers and discredited the defendant's companion. This court will not reweigh the evidence or resolve questions of credibility in determining whether the evidence was sufficient. *State* v. *Ogrinc*, 29 Conn. App. 694, 697, 617 A.2d 924 (1992).

The judgment is affirmed.